FRUGÉ, Judge
(dissenting).
I respectfully dissent. Plaintiff’s evidence shows the circumstances were as follows : The crossing in question was a dangerous and hazardous one. Evidence was introduced into the record which showed that it had been called to the attention of the defendant railroad that the crossing was dangerous. The railroad had acknowledged that the crossing was dangerous and had agreed to insure that adequate warning signals would be provided; the train was to stop before entering the crossing and was not to proceed further until a member of the crew left a burning red fusee- on each side of the track for protection of motorists while the crossing was occupied by the train. Evidence was also introduced which showed that there had been other accidents at that particular crossing. Plaintiff was driving toward the crossing in his employer’s truck on the night of the accident. The truck was in good operating condition. Plaintiff was driving in a reasonable manner and well below the speed limit. He could see the headlights of a number of oncoming automobiles and had every reason to believe that the road ahead of him was clear and unobstructed. Plaintiff later produced evidence which indicated that it was quite possible for him to see the lights of the oncoming vehicles through the opening between the ground and the boxcar, particularly since the crossing was slightly elevated; plaintiff argues that this gave him a false sense of security. No flares were visible in the area. Plaintiff was suddenly faced with an unlighted boxcar in front of him which was moving very slowly on the railroad track crossing the highway. Plaintiff swerved his truck sharply to the left and did everything in his power to avoid a collision with the boxcar. However, it was impossible to avoid the collision.
Defendant’s evidence shows the following : The crossing was not hazardous. Even if it was, the defendant’s employees provided adequate warning prior to entering the crossing. It was a dark night but the weather was clear and the visibility good. Upon reaching the crossing, the engineer brought the train to a stop. An employee got off of the train and placed a red fusee on each side of the highway. With the bell ringing and the whistle blowing, the train proceeded across the highway at a speed of approximately six miles per hour. As the train reached the far side of the crossing, it was struck by plaintiff’s truck.
If plaintiff’s evidence was believed by the jury in preference to that of the defendant, such evidence established to the jury that the railroad crossing was a dangerous one, that the employees of the defendant *387 railroad were negligent in not providing adequate warning at the crossing, and that there was no contributory negligence on the part of the plaintiff. It is a well settled rule of appellate review that the appellate court is not to overrule findings of fact by the trial court unless the trial court has committed manifest error. In the case before us, the jury, after observing the witnesses and evaluating their testimony, and after receiving clear and well prepared instructions from the trial judge, reached the conclusion that the defendant should be held liable under the circumstances. It is my opinion that the record fails to disclose any manifest error on their part in so finding, and the trial court’s judgment should be affirmed on the issue of liability.